UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GLINN VESSELL, | ) | CASE NO. C08-0949-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Having prevailed in his appeal of a decision by the Commissioner of the Social Security Administration, plaintiff moves for an award of attorney's fees, costs, and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 20.) Plaintiff initially requested $9,040.06 in attorney's fees, $25.25 in costs, and $78.22 in expenses, for a total award of $9,143.53. In response, the Commissioner argues for a reduction in the hours of attorney time requested by plaintiff. (Dkt. 22.) Plaintiff disputes the Commissioner's arguments in reply, concedes a clerical error amounting to $311.13, and requests an additional $691.40 for time to prepare the reply brief. (Dkt. 26.) The revised total award sought by plaintiff amounts to $9,523.79.

Having considered the materials submitted in support of and in opposition to plaintiff's motion, the Court recommends that plaintiff's motion (Dkt. 20) be GRANTED in part and DENIED in part and that plaintiff be awarded $9,402.80 in attorney's fees, expenses, and costs.

## BACKGROUND

Plaintiff filed a claim for Disability Insurance Benefits (DIB) on September 18, 1996. Following a hearing, an Administrative Law Judge (ALJ) found plaintiff not disabled. Plaintiff appealed the decision to the Appeals Council, which vacated the ALJ's decision and remanded the case for further proceedings. Following a second hearing, the ALJ again found plaintiff not disabled and the Appeals Council denied his request for review. The Appeals Council subsequently set aside its denial, but thereafter again denied plaintiff's request for review.

On appeal, this Court affirmed the decision in part and remanded the decision in part. *Vessell v. Barnhart*, No. C03-3976-JCC (W.D. Wash. Mar. 30, 2005) (Dkt. 28 at 9). While the case was pending at the hearing office pursuant to the Court's Order, plaintiff appealed part of the decision to the Ninth Circuit Court of Appeals. The Ninth Circuit remanded the matter for further proceedings based on the stipulation of the parties. *Vessell v. Barnhart*, No. 05-35483 (9th Cir. Sept. 23, 2005).

While the claim was pending with the courts, plaintiff re-filed concurrent applications for Supplemental Security Income (SSI) and DIB on December 15, 2004. The Appeals Council remanded plaintiff's claims to an ALJ for readjudication. The ALJ conducted a third hearing and again denied the claim. Plaintiff timely appealed and the Appeals Council declined to assume jurisdiction.

Plaintiff filed a civil action in this Court for review of the Commissioner's final decision. The Court issued a Report and Recommendation that recommended remanding the matter for an award of benefits. (Dkt. 17.) The Court found that the ALJ erred at step five and that the step four presumption of disability dictated an award of benefits. The Court found no merit in plaintiff's remaining arguments, which assigned error to the ALJ's assessment of treating physicians' opinions, plaintiff's credibility, and lay-witness testimony. The Honorable Robert S. Lasnik adopted the Report and Recommendation without objection. (Dkt. 18.)

Plaintiff was represented in this matter by Robert Friedman, an attorney in Everett, Washington, and Eric Schnaufer, an attorney in Evanston, Illinois. Both Mr. Friedman and Mr. Schnaufer are highly experienced attorneys in the field of Social Security law. Mr. Schnaufer drafted the briefs in the Social Security appeal.

Plaintiff originally sought fees for a total of 52.3 attorney hours. In reply, he acknowledged that the total number of hours for Mr. Friedman should be reduced by 1.8 hours due to a clerical error and requested an additional 4.0 hours for Mr. Schnaufer's time spent preparing the EAJA reply brief, leaving the hours at issue as 3.7 hours for Mr. Friedman and 50.8 hours for Mr. Schnaufer, for a total of 54.5 hours. Plaintiff requests that fees be calculated at an hourly rate of $172.85.

The Commissioner contends that plaintiff's attorneys spent on excessive number of hours on this matter, that "block billed" hours lack sufficient detail and should be reduced, and that various tasks billed are clerical and, therefore, not properly reimbursable. He requests that the number of attorney hours be reduced to 36.2 hours, resulting in a fee award of $6,257.17.

## DISCUSSION

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in this matter. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

A.  Overall Attorney Hours

The Commissioner submits that the number of attorney hours requested are unreasonable for this disability matter. He asserts a consensus of twenty to forty hours as a reasonable amount of time to spend on a social security case that does not present particular difficulty, and denies that the issues in this case were novel or complex. For the reasons described below, the Court does not find the Commissioner's arguments persuasive.

First, there is no hard-and-fast cap on attorney fee awards at forty hours that should be applied regardless of the circumstances. *See*, *e.g.*, *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (awarding attorney's fees for 65.75 hours of district court litigation). Indeed, this Court has previously approved attorney fee awards in Social Security cases for work exceeding forty hours. *See*, *e.g.*, *Burleson v. Astrue*, C07-2019RSL, Report and Recommendation (Jan. 13, 2009) (recommending a reduced fee award for Mr. Friedman and Mr. Schnaufer for 49.3 hours, which included 43.9 hours for matters related to the underlying litigation and 5.4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees

(Feb. 9, 2009); *Riley v. Barnhart*, C04-168JLR, Report and Recommendation (Mar. 8, 2005) (recommending a reduced fee award for Mr. Friedman and Mr. Schnaufer for 49.2 hours, which included 45.2 hours for matters related to the underlying litigation and 4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Mar. 28, 2005).

Second, the Commissioner does not support his contention that plaintiff's counsel spent an unreasonable amount of time on this matter. Counsel did not simply recycle arguments; rather, counsel provided useful, relevant, and detailed discussions of the facts, authority, and administrative record. Although the Court did not agree with all of plaintiff's arguments, none were frivolous or advanced in bad faith. Additionally, this case involved an unusually large administrative record totaling 1,772 pages, three administrative hearings, two civil actions and a remand from the Ninth Circuit, a thirty-three page, single-spaced decision from the ALJ on remand, and a successful outcome for plaintiff. The number of attorney hours expended was reasonable in light of these factors, and plaintiff is entitled to the attorney's fees, costs, and expenses incurred for the work performed in pursuit of the ultimate result, including efforts expended on unsuccessful issues. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.")

B.  <u>Block Billing</u>

The Commissioner also objects to the format in which Mr. Schnaufer presents the hours he spent briefing this matter. Mr. Schnaufer indicates he spent various amounts of time, on eight different days, "Draft[ing] Plaintiff's Opening Brief" and "Draft[ing] Plaintiff's Reply

Brief[,]" comprising a total of 44.7 hours.[1] (Dkt. 20, Ex. C-1.)  The Commissioner states that such block billing "lumps together multiple tasks making it impossible to evaluate their reasonableness." *Role Models Am. Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004).  He contends that the lack of detail in the billing justifies a reduction in the hours.  *See*, *e.g.*, *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (district court may reduce fee where request poorly documented) (citing *Hensley*, 461 U.S. at 433).  Again, the Commissioner's argument lacks merit.

"[P]laintiff's counsel 'is not required to record in great detail how each minute of his time was expended.'"  *Id*. (quoting *Hensley*, 461 U.S. at 437 n. 12).  "Instead, plaintiff's counsel can meet his burden - although just barely - by simply listing his hours and 'identifying the general subject matter of his time expenditures.'"  *Id*. (finding denial of fee application an abuse of discretion where the fee request included summaries of tasks such as "pleadings and pretrial motions") (quoting *Davis v. City of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 437 n. 12)).  Here, plaintiff met this "basic requirement."  *Id*.

Moreover, the Court has no difficulty evaluating the reasonableness of the request.  In fact, it is not clear how much more detail would be necessary to evaluate time entries relating to the researching and writing of opening and reply briefs.  Interestingly, the Commissioner has not, to the undersigned's recollection, raised any such objection to the very same billing practice in numerous EAJA petitions submitted to the Court by plaintiff's counsel.

Nevertheless, the Court recommends reducing the fee award by 0.6 hours for a reason

---

[1] The Commissioner mistakenly calculated a total of 44.4 hours, omitting 0.3 hours Mr. Schnaufer spent drafting plaintiff's opening brief.  (*See* Dkt. 22 at 4 and Dkt. 20, Ex. C-1.)

not addressed by the Commissioner: the time requested for briefing includes some duplication of efforts. Although Mr. Schnaufer drafted the briefs, plaintiff bills for Mr. Friedman's time to edit the opening brief. (Dkt. 23, Ex. B at 1, Ex. C at 1.) It appears duplicative for one highly experienced attorney to charge additional fees simply for reading the work of another highly experienced attorney. Accordingly, while finding plaintiff's request for 44.7 hours for Mr. Schnaufer's briefing reasonable, the Court recommends a deduction of 0.6 hours of Mr. Friedman's time spent editing that briefing.

C.  Clerical Matters

The Commissioner also challenges the inclusion of other matters on the time sheets. He contends that 0.9 hours Mr. Friedman spent preparing EAJA documents, 0.4 hours Mr. Friedman spent meeting with assistants to tickle due dates and send appropriate forms, and 0.4 hours Mr. Schnaufer spent drafting an EAJA time record is "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). With one small exception, the Court disagrees with the Commissioner.

Initially, the Court notes that any argument that the time spent preparing the EAJA motion (0.5 hours by Mr. Friedman) and the EAJA reply brief (4.0 hours by Mr. Schnaufer) should be rejected. (*See* Dkt. 20, Exs. B & C; Dkt. 26, Ex. D.) [2] Plaintiff may be awarded fees for hours reasonably expended in seeking attorney's fees under the EAJA. *See Comm'r, INS v. Jean*, 496 U.S. 154, 162-66 (1990). Here, plaintiff properly seeks reimbursement for a

---

2 Mr. Schnaufer indicates he spent 6.9 hours total on the reply brief, but plaintiff seeks attorney's fees for only 4.0 of those hours. (Dkt. 26, Ex. D.)

reasonable number of hours spent on the EAJA briefing.

The Commissioner asserts that the time spent preparing the EAJA time records (0.4 hours by Mr. Friedman and 0.4 hours by Mr. Schnaufer) constitutes clerical work not properly reimbursable. However, he provides no direct support for this contention. As noted above, plaintiff is entitled to fees for hours reasonably expended in seeking attorney's fees under the EAJA. *Id*. In seeking such fees, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at 1397 (citing *Hensley*, 461 U.S. at 433, 437). Accordingly, as argued by plaintiff, it would appear to appropriately fall within an attorney's purview to determine the items to include on an EAJA time record and the amounts to seek for each item, and to award fees based on the time spent performing those tasks.

The Commissioner also challenges various matters involving Mr. Friedman's assistant. Because the Commissioner does not specifically identify the disputed time entries, it is not clear which of the following entries are at issue:

| Date | Hour | Event |
| --- | --- | --- |
| 5/14/08 | 0.1 | Meet with assistant to send client appropriate forms and set tickle dates. |
| 6/3/08 | 0.1 | File review regarding appeal. Client has not returned forms for appeal. Ask assistant to call client regarding status of forms. |
| 6/4/08 | 0.1 | Meet with assistant. We received forms. |
| 1/8/09 | 0.1 | Meet with assistant regarding client's call for status. |
| 3/9/09 | 0.1 | Read order adopting Report and Recommendation. Advise assistant on calendaring dates. |

(Dkt. 20, Ex. B-1.) In any event, the Court finds all but one of these entries properly reimbursable.

Plaintiff asserts that the above-described tasks constitute time properly spent managing the litigation, including the critical task of ensuring the satisfaction of due dates. With the exception of the 0.1 hours Mr. Friedman apparently spent meeting with his assistant to discuss merely the fact that forms had been received, the Court agrees that the challenged hours do not constitute purely clerical tasks not properly reimbursable, but, rather, necessary litigation-related managerial tasks. Moreover, the minimal amount of time spent on these tasks was reasonable and in some instances also involved the performance of other non-clerical work. As such, while finding the majority of the disputed tasks, like the time spent in relation to the EAJA briefing, both reasonable and compensable, the Court finds it appropriate to deduct 0.1 hours of Mr. Friedman's time.

## SUMMARY AND CONCLUSION

Consistent with the discussion above, the Court recommends that plaintiff's motion be GRANTED in part and DENIED in part. It is recommended that the attorney hours claimed by plaintiff be reduced by a total of 0.7 hours. After this reduction, plaintiff would be allowed a total of 53.8 hours for attorney time in this matter (48.5 hours for matters related to the underlying litigation, and 5.3 hours for matters related to the EAJA fee application) at an hourly rate of $172.85. The total recommended award for attorney's fees would be $9,299.33. Plaintiff should also be allowed the full amount of his claimed costs ($25.25) and expenses ($78.22), for a total award of $9,402.80. A proposed Order accompanies this Report and Recommendation.

01   DATED this 18th day of September, 2009.

                                              _____
                                              Mary Alice Theiler
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -10